NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 04-CV-299-KKC

ANTONIO MEODAR                                                                                   PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                                              DEFENDANT

Antonio Meodar, the *pro se* plaintiff, who is currently confined at the United States Prison-Big Sandy ("USP-Big Sandy") in Inez, Kentucky, has filed four motions which are before the Court for consideration: (1) "Motion to Amend Complaint for Damages"[Record No. 16]; (2) "Successive Motion for Appointment of Counsel" [Record No. 17]; "Motion for Analysis" [Record No. 24]; and "Successive Motion for Appointment OF Counsel" [Record No. 24].

PROCEDURAL HISTORY

On August 19, 2004, the plaintiff filed a complaint under the Federal Tort Claims Act, 28 U.S.C. §§2671-2680 ("the FTCA"), and 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The plaintiff also filed a motion for leave to proceed *in forma pauperis*.

The plaintiff alleged that on January 15, 2004, he sustained bodily injuries as a result of a fall from a faulty platform while exiting a bus. The plaintiff alleged negligence on the part of USP-Big Sandy personnel and entitlement to various forms of relief under the FTCA. He also alleged that medical personnel at USP-Big Sandy were negligent in their treatment of his bodily injuries. In his FTCA administrative claim, the plaintiff sought damages in the amount of $99,999,999.00. On June

28, 2004, the Bureau of Prisons ("BOP") issued a letter denying the plaintiff's negligence and medical malpractice claims.

Additionally, the plaintiff alleged in his complaint that the actions of USP-Big Sandy medical personnel violated his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. The plaintiff did not name any individual federal actor as a defendant to his *Bivens* Eighth Amendment claim. The plaintiff named the United States of America as the only defendant.

### The Opinion and Order

The Court conducted an initial screening of the complaint under 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). On January 6, 2005, the Court entered a "Memorandum Opinion and Order" (the Opinion and Order) in which the Court: (1) dismissed the plaintiff's Eighth Amendment *Bivens* claims for failure to exhaust the applicable BOP administrative remedies, and (2) ordered the United States to respond to the plaintiff's FTCA claims relating to both medical malpractice and to the alleged faulty bus platform [Record No. 9]. The Court also denied the plaintiff's request for a transfer and his request for the appointment of counsel [Record No.8].

### Plaintiff's Motion to Amend [Record No. 16]

The plaintiff submitted a handwritten, eighteen-page "Motion to Amend Complaint." He also tendered a five-page document entitled "Attestation." To the extent that the plaintiff appears to explain the facts surrounding certain events which he alleges occurred at USP-Big Sandy, the "Attestation" appears to be a supplement to his "Motion to Amend." The plaintiff attached to the "Attestation" copies of BP-8's and BP-9's he filed with regard to some of his *Bivens* claims. Both the "Motion to Amend" and the "Motion for Analysis" are in part a recitation of the allegations

2

contained in the original complaint pertaining to the plaintiff's fall on January 15, 2004. The plaintiff did, however, assert several new and additional claims in his "Motion to Amend," which claims the Court has summarized as follows:

(1) Because he was seeking damages, he was not required to administratively exhaust his Eighth Amendment *Bivens* claims;

(2) he was denied access to various administrative remedies by USP-Big Sandy officials with regard to not only the Eighth Amendment claims he asserted in his complaint, but also every additional claim he asserted in his "Motion to Amend";

(3) USP-Big Sandy officials engaged in a conspiracy to keep him (plaintiff) from obtaining the names of certain individuals involved in denying his constitutional rights;

(4) these same USP-Big Sandy officials conspired to punish him for filing grievances and complaints about prison conditions;

(5) he was denied requested medical treatment for a variety of dental problems and other physical ailments;

(6) USP-Big Sandy officials caused him emotional distress and denied his Eighth Amendment rights on February 11, *2004*, when they denied his request to place a phone call to his family;

(7) the work assignments he received at USP-Big Sandy were too physically demanding given his injuries from the fall from the bus platform on January 15, 2004;

(8) he was denied free prescription drugs;

(9) his Eighth Amendment rights were violated on July 4, 2004, when a prison gang of Latinos attacked him;

3

(10) two employees of USP-Big Sandy (D. Burton and "Ms. Hope") informed him that they did not witness and knew nothing about his fall on January 15, 2004;

(11) he was denied due process in connection with a disciplinary hearing which resulted in him being initially confined in a Segregated Housing Unit ("SHU") for thirty (30) days[1]; and

(12) the conditions of his confinement in SHU violated the Eighth Amendment.

DISCUSSION
1. Construed Motions under Fed.R.Civ.P. 60(b)
[Record Nos. 16 and 23]

Although the plaintiff has entitled his submissions as a "Motion to Amend Complaint" [Record No. 16] and a "Motion for Analysis" [Record No. 23], the motions are more accurately characterized as one seeking relief from judgment or order under Fed.R.Civ.P. Rule 60(b).

Under Rule 59(e), there are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)); *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986) (Rule 59(e) motions must either present newly discovered evidence or a clearly established manifest error of law).

In order to obtain relief from a judgment or order under Rule 60(b), a movant must demonstrate that an order (or judgment) was entered as a result of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); and (3) fraud, misrepresentation or other

---

[1] The plaintiff further complained that USP-Big Sandy officials further extended his confinement in SHU because they considered him a "protection" case.

4

misconduct of the adverse party.[2]

A Rule 59 must be filed within *ten* days of the entry of a judgment and is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). The plaintiff was required to have submitted a 59(e) motion within ten (10) days of the date of the Opinion and Order, which was January 6, 2005. Clearly, he has failed to seek relief under Fed.R.Civ.P. 59(e) in a timely manner. To that extent, the Court broadly construes these two submissions as motions seeking relief under Rule 60(b).

The exhibits attached to his "Attestation" reflect that the plaintiff fully exhausted only one of his new claims: that being his due process allegation concerning his disciplinary hearing and the resulting July 16, 2004 decision to confine the plaintiff in SHU for thirty days. Nothing in the plaintiff's recent submission reflects that the standards for granting relief under Rule 60(b) have been met with regard to eleven of the twelve new claims he asserts in his current motion.

When the plaintiff filed the instant complaint on August 19, 2004, the plaintiff did not raise a due process claim regarding his disciplinary sanction. In fact, to the extent that the BOP Central Office did not deny his BP-11 appeal until over three months later, on November 26, 2004, the plaintiff had not even completed the exhaustion process with regard to that claim when he filed the instant complaint. The Court will not entertain the plaintiff's due process claim stemming from his disciplinary proceeding in this proceeding. The plaintiff is required to file a new, separate complaint and either pay the filing fee ($250.00) or apply to proceed *in forma pauperis* if he wishes to litigate

---

[2] There are several other grounds set forth in Rule 60(b) which serve as a basis for relieving a party from a final judgment or order, none of which have any application to the instant proceeding.

that claim.

As the Court clearly stated in the Opinion and Order, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires state and federal prisoners bringing actions concerning prison conditions, and any other incident to prison life, such as excessive force, to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. 122 S.Ct. 983 (2002); *Lavista v. Beeler*, 195 F,3d 254, 256 (6th Cir. 1999).[3]

The plaintiff has failed to demonstrate that he exhausted all necessary steps of the BOP administrative process with regard to his other eleven *Bivens* constitutional claims against USP-Big Sandy personnel. Although it appears that the plaintiff may have attempted to start the exhaustion process as to some of the eleven other claims, he either failed to initiate the exhaustion procedures in a timely fashion according to the deadlines set forth in 28 C.F.R. 544.10 *et seq.*, or failed to pursue all of the required appeal steps set forth in the federal regulations. [4]

---

[3] In the Opinion and Order, the Court explained the multi-level exhaustion procedures set forth in 28 C.F.R. §542.10-19 (1998). The Court will not reiterate that information in this Order.

[4] For example, the plaintiff complains about being denied dental treatment in connection with dental problems which he alleges arose in July, 2004; specifically, that a tooth needed to be extracted. The exhibits reflect that the plaintiff filed a timely BP-8 with regard to his dental claims on August 9, 2004. Staff denied the claim on August 17, 2004, on the grounds that the plaintiff had previously been denied the opportunity for a dentist to extract the tooth. The plaintiff did not file his BP-9 ("Request for Administrative Remedy") with the Warden of USP-Big Sandy until January 13, 2005, some five months later, and a week after the Court entered the Opinion and Order. On January 21, 2005, the Warden properly denied the "Request for Administrative Remedy" as being untimely filed. The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred. 28 C.F.R. §542.14 (a).

The plaintiff complains about USP- Big Sandy staff refusing his request to make a phone call to his family on February 11, 2004. The plaintiff filed a BP-8 on that very day, and staff denied his claim on that same day. The plaintiff did not attach any documentation which would reflect that he ever filed a BP-9, BP-10, or a BP-11. Again, the time for filing a BP-9 "Request for Administrative Remedy" has long since expired. 28 C.F.R. §542.14 (a).

The plaintiff asserts an Eighth Amendment claim about being denied medical treatment for a back problem. The exhibits reflect that the plaintiff filed a BP-8 concerning this claim on June 23, 2004. Staff informed him on June 25, 2004, that he needed to sign up for sick-call to have his back problems reevaluated and his prescriptions refilled. The plaintiff did not attach any documentation which would reflect that he ever filed a BP-9, BP-10, or a BP-11 as to this claim. The plaintiff instead filed a BP-8 on March 18, 2004, asking to be put on medical "call out" because he was

6

Even assuming that the plaintiff had demonstrated that he had exhausted his claims, the plaintiff would still not be permitted to amend his complaint accordingly. The PLRA and recent dictates established by the Sixth Circuit, as relates to the amendment of complaints required to be screened under §1915A, hold that amendment of a complaint to avoid dismissal is not permitted. The case of *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), holds that the moment a complaint is filed under either 28 U.S.C. §1915A or 28 U.S.C. §1915(e)(2), it is subject to review under §1915(e)(2), and that a complaint must be dismissed if it satisfies the factors of §1915(e)(2).[5] *See also Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir. 1999).

The Sixth Circuit held in *McGore* that if a complaint subject to screening was required to be dismissed under §1915(e)(2) "*when filed*, the district court should sua sponte dismiss the complaint." *Id.* (Emphasis Added). *See also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) ("As we held in

---

emotionally distressed about his injuries from the January 15, 2004 fall. Staff granted his request on March 19, 2004, advising him that he would be placed on "call out" for psychology and was scheduled to be seen by Dr. O'Toole.

The plaintiff attached additional documents to his "Successive Motion for Appointment of Counsel" [Record No. 24]. In his attachment to that submission, the plaintiff stattes that he filed a BP-9 complaining about the quality of his medical care, which the warden rejected on March 4, 2005. The MARO rejected the BP-10 appeal on April 6, 2005. The attachments do not reflect that the plaintiff filed a BP-11 appeal to the BOP's Central Office.

The plaintiff complains that USP-Big Sandy employees D. Burton and "Ms. Rigsby" denied any knowledge concerning the facts of his January 15, 2004 fall. The plaintiff filed a BP-8 on February 13, 2004, seeking information only from D. Burton. On February 17, 2004, D. Burton responded to his inquiry by stating she knew nothing about his fall and was not working at 11:00 p.m. on January 15, 2004. The plaintiff did not attach any documentation reflecting that he filed a BP-9, BP-10, or a BP-11.

The plaintiff filed no administrative remedy of any kind with regard to the following *Bivens* claims: (1) that USP-Big Sandy employees conspired to deprive him of administrative remedies and/or attempted to retaliate against him; (2) that he was given work assignments which were beyond his physical capabilities; (3) that he was denied a bottom bunk; (4) that he was denied complete, accurate copies of his medical reports; (5) that the conditions of his confinement in SHU violated the Eighth Amendment; and (6) that he was attacked by other inmates on July 4, 2004.

[5]

*McGore* held that the PLRA's prohibition against amendment applies to dismissal under both prongs of 28 U.S.C. §1915(e)(2) (the first providing for dismissals on incorrect allegations of poverty, 28 U.S.C. §1915(e)(2)(A), and the second providing for dismissal for failure to state a claim upon which relief may be granted, 28 U.S.C. §1915(e)(2)(B).

7

*McGore*, a plaintiff in a case covered by the PLRA may not amend his complaint to avoid *sua sponte* dismissal). The Sixth Circuit observed in *Baxter v. Rose* that: "The possibility of amendment undermines the screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement." *Id*. at 489.[6]

In this Circuit the PLRA's exhaustion requirement is mandatory, and the district court is required to dismiss the case *sua sponte* if the defendants do not raise it. *Baxter*, 305 F.3d at 489; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. absent proof of complete exhaustion at the time of filing the petition, dismissal without prejudice is the only disposition authorized). It therefore cannot be considered a waivable affirmative defense. Thus, the proper inquiry under *McGore* is whether the complaint sufficiently established grounds for subject matter jurisdiction *when it is filed*.

As the Court observed in the Opinion and Order, the plaintiff failed to demonstrate *when he filed the complaint* that he had administratively exhausted his *Bivens* claims for monetary damages against the individually named defendants. Under *McGore*, the time of the filing the complaint is the

---

[6] *See* other authority: *Palacio v. Hofbauer*, 106 Fed.Appx. 1002, 2004 WL 1987145 (6th Cir. (Mich.) September 3, 2004) (not selected for publication in the Federal Reporter) (Under PLRA, the district court was not required to inform inmate of the deficiencies in his §1983 complaint against prison officials and give him an opportunity to amend the complaint, before dismissing the complaint for failure to state a claiim); *Williams v. Johnson*, 55 Fed.Appx. 736, 737 2003 WL 264723, **2 (6th Cir. (Ky.) February 6, 2003) (not selected for publication in the Federal Reporter) (Plaintiff's argument that this Court, Hon. Joseph M. Hood presiding, should have allowed him to amend his complaint and conduct discovery was unavailing "because the court had no discretion under the PLRA to permit amendment of the complaint in order to avoid dismissal. *See McGore*, *114 F.3d at 612*."); *Caldwell v. Commonwealth of Kentucky*, 238 F.3d 420, 2000 WL 1872054 (6th Cir. (Ky.) December 15, 2000) (Table) (Unpublished Disposition) ("Since Caldwell's complaint failed to state a claim for relief *at the moment of filing*, the dismissal of the complaint prior to amendment was appropriate even though Caldwell had paid the initial partial filing fee. *See McGore*, 114 F.3d at 608, 612; *accord* 28 U.S.C. §1915A.") (Emphasis Added); *Bell v. Rowe*, 178 F.3d 1293, 1999 WL 196531, **1 (6th Cir. (Ohio) March 22, 1999) (Table) (Unpublished Disposition) ("Since Bell's complaint is time barred, and was frivolous *at the moment of filing*, the district court properly dismissed the complaint pursuant to the provisions of §1915(e). *See McGore*, 114 F.3d at 609. *The district court was not required to permit Bell to amend his complaint in order to avoid dismissal.") (*Emphasis Added).

dispositive point in time in determining whether a grievance has been fully exhausted. The Sixth Circuit recently reiterated this conclusion in *Baxter v. Rose*, *supra*, by stating as follows:

> A plaintiff who fails to allege exhaustion of administrative remedies . . . does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte. *Knuckles El* [*v. Toombs*,] 215 F.3d 640, 642 (6th Cir. 2000); *Brown* [*v. Toombs*,] 139 F.3d 1102, 1104 (6th Cir. 1998). Our rule in *McGore* requires that a plaintiff, who fails to make a sufficient allegation of exhaustion in their initial complaint, also not be allowed to amend his complaint to cure the defect . . . . If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet out heightened pleading requirement . . . .

*Baxter v. Rose*, 305 F.3d at 489. The Court finds that the plaintiff has presented no reason under Fed.R.Civ.P. 59(e) for the Court to reconsider the Opinion and Order and allow the plaintiff to amend his complaint to demonstrate that he has undertaken exhaustion efforts.

Motions for Appointment of Counsel [Record Nos. 17 and 24]

The plaintiff has filed two motions seeking the appointment of counsel. There is no right to counsel in prisoner civil rights cases. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir.1996). The appointment of counsel in a civil proceeding is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir.1993). The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in "'fundamental unfairness impinging on due process rights.'" *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir.1992) (quoting *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir.1982)).

No exceptional circumstances are present in this case. The two remaining issues in this case are simple. The issues are: (a) whether there was medical negligence and (b) whether there was negligence on the part of the United States with regard to the bus platform on which the plaintiff fell.

The plaintiff has demonstrated that he is articulate and can convey his positions in a detailed and organized manner. The Court does not find that the appointment of counsel is merited.[7]

## CONCLUSION

The Court being otherwise duly and sufficiently advised, it is hereby **ORDERED** as follows:

(1)     The plaintiff's "Motion to Amend Complaint for Damages" [Record No. 16] is **DENIED**.

(2)     The plaintiff's "Successive Motion for Appointment of Counsel" [Record No. 17] is **DENIED**.

(3)     The plaintiff's "Motion for Analysis" [Record No. 23] is **DENIED**.

(4)     The plaintiff's "Successive Motion for Appointment of Counsel" [Record No. 24] is **DENIED**.

Dated this 6th day of June, 2005.



Signed By:

*Karen K. Caldwell*

**United States District Judge**

---

[7] *See Hayes v. Wright*, 111 Fed.Appx. 417, 418, 2004 WL 2203571 **1 (6th Cir. (Tenn.) September 17, 2004) (Not selected for publication in the Federal Reporter) (denial of appointment of counsel for prisoner in §1983 action against county jail employee was not an abuse of discretion); *Naturalite v. Hood*, 98 Fed.Appx. 401, 403 2004 WL 886961, **2 (6th Cir.(Mich.) April 23, 2004) (Not selected for publication in the Federal Reporter) (Prisoner was not entitled to appointed counsel in 42 U.S.C. §1983 action against state judge and state senator, alleging violation of his First and Fourteenth Amendment rights, where case was not complex, and prisoner demonstrated his ability to handle case in *pro se* capacity).