UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 04-299-KKC

ANTONIO MEODAR                                                                                          PLAINTIFF

vs.                                         **OPINION AND ORDER**

UNITED STATES OF AMERICA                                                                    DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on Defendant's Second Motion to Dismiss or, in the alternative, Motion for Summary Judgment [Rec. No. 61]. For the reasons stated below, the Court GRANTS Defendant's Motion for Summary Judgment [Rec. No. 61].

**I. BACKGROUND FACTS**

The Plaintiff, Antonio Meodar ("Meodar"), a federal prisoner was being transferred from the United States Penientiary, Atlanta Georgia ("U.S.P. Atlanta") to the United States Penitentiary, Big Sandy, Kentucky ("U.S.P. Big Sandy") on January 15, 2004. The Plaintiff alleges that as he was exiting the Bureau of Prisons' ("BOP") transport bus, while secured with leg irons and handcuffs, his leg irons became entangled in the bus' platform step causing him to fall to the ground. Plaintiff claims that he suffered and continues to suffer pain to the neck, left shoulder, and upper back. The Plaintiff claims that his fall, and the injuries incurred therefrom, were caused by the Government's negligence relating to the faulty or malfunctioning bus platform.

On March 15, 2004, the Plaintiff filed an administrative tort claim with BOP arguing negligence regarding the bus' platform as well as negligent medical care. On June 28, 2004, the BOP denied the Plaintiff's administrative claim. Thereafter, the Plaintiff filed this suit against the United States ("Government") seeking damages for the alleged negligence.

On January 6, 2005, this Court dismissed Plaintiff's Eighth Amendment *Bivens* claim for failure to exhaust remedies [Rec. No. 9]. On October 27, 2005, this Court dismissed the Plaintiff's medical

negligence claim pursuant to the Federal Tort Claims Act ("FTCA") [Rec. No. 35]. Plaintiff's only remaining claim is negligence relating to the bus platform pursuant to the FTCA and the Defendant, in the current motion before the Court, moves to dismiss this claim.

## II. SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party must show conclusively that there is no genuine issue of material fact. *Id.*

"The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). "The nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris,* 260 F.3d 654, 665 (6th Cir. 2001).

**III. ANALYSIS**

A. Sovereign Immunity

Defendant's first argument for dismissal is that the United States is protected by sovereign immunity. The issue of sovereign immunity and its relationship to the FTCA was discussed extensively in the Court's Opinion and Order dated October 27, 2005 [Rec. No. 35]. However, the Defendant makes a very narrow argument for immunity in the current motion, which can be disposed of quickly. "The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *U.S. v. Orleans*, 425 U.S. 807 (1976). Pursuant to the FTCA, a federal prisoner can maintain a suit against the United States to recover for personal injuries sustained while incarcerated by reason of the negligence of government *employees*. *U.S. v. Muniz*, 374 U.S. 150 (1963)(emphasis added); *See also* 28 U.S.C. § 1346(b)(1).[1] However, the waiver of sovereign immunity is limited and does

---

[1] A suit for money damages can be maintained against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private

not apply to actions against the United States for the negligence of independent contractors. *Orleans*, 425 U.S. at 814.

The Defendant argues that MCI Corporation is responsible for the construction of the bus platforms, on which the Plaintiff claims he was injured, and BOP purchases the transportation buses with the platform already attached by MCI Corporation. The Defendant reasons that MCI Corporation is an independent contractor and any defect in the bus platform is the fault of MCI, the FTCA only permits suits against the United States for the negligence of government *employees* not *independent contractors*, thus, Plaintiff claim is barred by sovereign immunity.

Defendant's argument is flawed because it overlooks one very important distinction. The Plaintiff is suing the United States for its alleged negligence relating to his injury on the bus platform not MCI Corporation. If the Defendant had sued MCI Corporation pursuant to the FTCA, then the distinction between independent contractors and employees for purposes of the FTCA would be important and appropriate. However, in this context, the Plaintiff has made clear that he is suing BOP employees for their alleged negligence, thus, the Defendant's argument fails.

B. Claim of Negligence

In order to determine liability under the FTCA, Kentucky tort law must be applied. *Flechsig v. U.S.*, 991 F.2d 300, 303 (6th Cir. 1993); *See also* 28 U.S.C. § 1346(b)(1) ("liable to the claimant in accordance with the law of the place where the act or omission occurred"). "Negligence, under Kentucky law, requires a showing of duty, breach of duty, and resulting injury." *Smith v. Franklin County*, 227 F.Supp.2d 667, 682 (E.D.Ky. 2002).

"[T]he duty of care owed by the Bureau of Prisons to federal prisoners is fixed by 18 U.S.C. s

---

person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

4042,[2] independent of an inconsistent state rule." *Muniz*, 374 U.S. at 164-165. "Under this statute, the defendant has a duty to exercise ordinary diligence to keep inmates safe and free from harm. However, the defendant is not an insurer of the safety of all inmates. The defendant's duty under § 4042 is not absolute; generally, it depends on the reasonableness under the circumstances." *Flechsig v. U.S.*, 786 F.Supp. 646, 649-650 (E.D.Ky. 1991). "More specifically, the warden's duty to his inmate is to exercise reasonable care and diligence to protect the prisoner from danger, known to or which might reasonably be apprehended by him." Id. at 650 (quoting *Muniz v. United States*, 280 F.Supp. 542, 547 (S.D.N.Y.1968)).

The BOP had a duty to exercise reasonable care to protect Plaintiff while he was in transport to and upon arrival at U.S.P. Big Sandy. However, this duty is not absolute and the Plaintiff has failed to present any evidence or facts that would permit this Court to conclude that the Defendant breached the duty of care owed to Plaintiff. The Plaintiff has presented no evidence to suggest that his alleged injury was foreseeable by BOP employees or that BOP employees acted unreasonably in ensuring the safety of inmates exiting the transport bus. "The nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris,* 260 F.3d 654, 665 (6th Cir. 2001). Furthermore, even if Plaintiff had presented sufficient evidence to establish that the Defendants breached the duty of care, the Plaintiff has failed to present any evidence to show that the Defendants' breach caused his injury.

The Plaintiff has failed to establish a claim of negligence under Kentucky law, thus, his claim must be dismissed. Accordingly, **IT IS ORDERED** as follows:

---

[2] 18 U.S.C. § 4042 provides (in relevant part) that the Bureau of Prisons shall:
(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;

(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States.'

(1)    Defendant's Second Motion to Dismiss or, in the alternative, Motion for Summary Judgment [Rec. No. 61] is GRANTED;

(2)    Plaintiff's Motion for Settlement [Rec. No. 44] is DENIED as MOOT;

(3)    judgment will be entered contemporaneously with this opinion and order in favor of the Defendants.

Dated this 24th day of January, 2007.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge